UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BARBARA L. RYAN,<br><br>    Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a foreign corporation; DOES I through X and ROE CORPORATIONS I through X, inclusive,<br><br>    Defendants. | Case No. 2:19-cv-00651-JAD-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>RE: ECF No. 23<br>Motion for Leave to File Amended Complaint |

Before the Court is Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 22). The Court has considered Plaintiff's Motion, Defendant's Opposition (ECF No. 23), and Plaintiff's Reply (ECF No. 24). The Court finds as follows.

**I.    RELEVANT BACKGROUND**

This dispute commenced in the Eighth Judicial District Court for Clark County, Nevada on April 1, 2019, when Plaintiff filed her Complaint. The matter was removed by Defendant Costco Wholesale Corporation on April 23, 2019 (ECF No. 19). The events giving rise to this matter occurred in a Costco parking lot on February 18, 2018, when Plaintiff fell after tripping over a car curb (or wheel) stop. In the factual allegations (ECF No. 1-1), Plaintiff states she tripped "over the car curb stop that was not properly painted the required BLUE as set forth in the Summerlin Design Standards for the Costco [l]ocation." *Id*. ¶ 6. Thereafter, Plaintiff's Complaint contains two causes of action including negligence and negligence *per se*. *Id*., generally. In her Negligence cause of action, Plaintiff again refers to Defendant's failure to properly paint the curb stop. *Id*. ¶¶ 11-12, 17, and 19. The Negligence *Per Se* cause of action alleges slightly more generally that Defendant breached a duty "by failing to inspect and maintain its premises for the protection of its patrons," in violation of the Summerlin Design Standards and Americans with Disability Act. *Id*. ¶¶ 23-24.

Plaintiff seeks to amend her Complaint to replace allegations regarding the color of the curb stops with allegations that Defendant failed to center the curb stop over which Plaintiff tripped. ECF

1

No. 22-1 ¶¶ 6, 11, 12, 19, 23, and 24. Plaintiff contends Defendant is well aware of this curb location allegation because the issue has been "discussed at numerous times throughout th[e] … case … ." ECF No. 22 at 3-4. Plaintiff also contends that her current Complaint includes allegations that Defendant allegedly failed to center the curb stop, but she seeks to amend the Complaint to expressly state the non-centering of the curb stop anyway. *Id.* at 4. Plaintiff references her expert's opinion, issued on October 17, 2019, in which the expert states "that the reason that the instant fall occurred … because of the improper placement of the wheel stop in question and not solely related to the color of the wheel stop in question." *Id.* at 3. Plaintiff argues that there is good cause to allow Plaintiff's amendment, which is "immediately apparent"; Defendant will not be prejudiced by the amendment; and, the amendment is not futile because Plaintiff "has alleged sufficient facts to state a claim for relief that is facially plausible and has been fully disclosed and discussed with Defense Counsel throughout this case." *Id*. at 4-5. Plaintiff complains bitterly about Defendant "attempting to take advantage of Plaintiff" and "having to remove the proverbial knife from … [Plaintiff's Counsel's] back after receiving Defense Counsel's Motion to Dismiss." *Id*.

In Opposition to Plaintiff's Motion, Defendant argues that Plaintiff repeatedly represented this case as one solely due to the color of the curb stop. ECF No. 23 at 2-3 (stating the Complaint "always alleged that the issue was with the COLOR of the wheel stop.") (Emphasis in original.) Defendant states that it was not until five months after Plaintiff's expert issued his report that Plaintiff sought to amend her Complaint, which was also after the deposition of Plaintiff's expert and after the close of discovery. *Id*. at 3. Defendant states that Plaintiff never sought to extend deadlines or signaled an interest in amending the pleadings and, irrespective of whether Plaintiff mentioned placement of the wheel stop, "the fact remains that the Plaintiff's … detailed Complaint was based upon the coloring of the wheel stop[], *which is not even relevant* to Plaintiff's expert's opinions" as confirmed by the expert's deposition testimony. *Id*. (Emphasis in original.) Finally, Defendant argues that a Motion for Summary Judgment is now pending, that the Court ordered deadline for amending pleadings expired on October 22, 2019, and Plaintiff sat on her "hands and waited until March 20, 2020" to seek an amendment. *Id*. at 3-4.

In Reply, Plaintiff decries Defendant's alleged lack of knowledge "that the basis of the negligence claims ... were not related to the failure of Defendant … to properly center the wheel stop in question." ECF No. 24 at 2. Plaintiff further avers that she seeks to file the amendment "solely to resolve the alleged known negligence by Defendant that the wheel stop within the handicapped parking space was not centered … ." *Id*. at 3.

## II. DISCUSSION

Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course" either "before being served with a responsive pleading" or "within 21 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." If Rule 15(a)(1) does not apply, the party seeking to amend must obtain the opposing party's written consent or the Court's leave to file an amended pleading. Fed. R. Civ. P. 15(a)(2). Well settled law establishes that a motion for leave to amend brought pursuant to Rule 15(a)(2) should be granted freely "when justice so requires." If the party seeks court permission to file an amended pleading, "leave to amend lies within the sound discretion of" that court.[1] The amendment standard is generally "applied with extreme liberality."[2]

When considering whether to grant or deny a motion seeking leave to amend a complaint, the Court may consider whether there is: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility in the amendment; and (5) whether plaintiff has previously amended her complaint.[3] Here, neither party raises the issue of bad faith and the Court finds no evidence in the filings to support such a conclusion. As such, the Court does not address this element when considering whether to grant or deny Plaintiff's Motion. Further, Plaintiff has not previously amended her Complaint; so, this too is not at issue. Plaintiff argues the amendment is not futile, and the Court agrees. In fact, Defendant does not oppose Plaintiff's argument regarding futility; hence, again, this concern is not at issue. Because bad faith, futility, and previous amendments are not at

---

[1] *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-86 (9th Cir. 1987) (internal citation omitted).

[2] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

[3] *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

issue, the Court focuses its discussion on undue delay and prejudice to determine if Plaintiff's Motion to Amend should be granted.

      A.     Undue Delay.

The relevant undue delay inquiry for the Court on a Rule 15(a)(2) motion "is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."[4] Here, however, because Plaintiff's Motion was filed after the time period within which to seek amendment expired (*see* ECF No. 10 at 2), Plaintiff's Motion is one that requires her to demonstrate "good cause" to modify the scheduling order.[5] Moreover, "[u]ndue delay by itself, …, is insufficient to justify denying a motion to amend. … We have previously reversed the denial of a motion for leave to amend where the district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment."[6]

In this case, neither Plaintiff's Motion nor her Reply address the reason for her delayed filing. Plaintiff is simply silent with respect to why she waited until March 20, 2020 to file her Motion to Amend when (1) her expert report was issued on October 17, 2019 indicating Plaintiff's fall was primarily caused by the placement of the curb stop,[7] and (2) the date by which amendments were to be filed was October 22, 2019.[8] *See* ECF No. 22 and 24, generally. Plaintiff's Motion also fails to address that discovery closed on January 20, 2020, and that a Motion for Summary Judgment is pending (initially filed on February 13, 2020, and fully briefed as of March 5, 2020). *Id.*; *see also* ECF Nos. 10, 19 and 21. In sum, Plaintiff has not established any basis, let alone good cause, for

---

[4]     *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 954 (9th Cir. 2006) (internal citations omitted).

[5]     "[A] request for leave to amend made after the entry of a Rule 16 Scheduling Order is governed primarily by Rule 16(b), rather than Rule 15. … Rule 16(b) and Local Rules 6-1 and 26–4 require a showing of 'good cause' before modifying a scheduling order." *Kristensen v. Credit Payment Services Inc.*, Case No. 2:12-cv-00528-APG-PAL, 2015 WL 13674161, at *3 (D. Nev. Feb. 24, 2015) *citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992); Fed. R. Civ. P. 16(b); LR 6-1; LR 26-4.

[6]     *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999) (citations omitted).

[7]     ECF No. 23-4 at 1 and 3 ("The primary issue with the wheel stop … is that it was placed 'off center' … . Add to this the fact that the wheel stop was not painted the 'Blue' color as required ...").

[8]     ECF No. 10.

4

filing her Motion to Amend approximately five months after the deadline to do so expired and two months after the discovery period was closed.[9] Despite this failure, and because undue delay alone is generally an insufficient basis to deny a motion to amend, the Court analyzes the issue of prejudice as well.

### B.     Prejudice.

Prejudice to the defendant is the most important factor for the Court to consider when deciding a motion for leave to amend a complaint.[10] Prejudice may arise from assertion of new legal theories or the requirements to prove (or disprove) different facts.[11] Requiring a defendant to invest additional time and expense in continued litigation on a new theory that requires additional discovery is considered "manifestly unfair and unduly prejudicial."[12]

Plaintiff nonetheless repeatedly argues there is no prejudice if her amendment is granted because Defendant has long known of the facts and theory (the failure to center the wheel or curb stop) she now seeks to assert. Plaintiff points to her expert's report that was issued in October 2019, months before her Motion was filed. Plaintiff states that Defendant obtained an expert report (the content of which is unknown to the Court) to which Plaintiff's expert offered further rebuttal on December 12, 2019. ECF No. 22 at 3-4. However, these assertions cut against Plaintiff in addition to demonstrating Defendant's knowledge of the curb-placement argument. That is, if curb placement was known to Plaintiff (as well as Defendant) in October 2019, why did Plaintiff wait until March 2020 to file a motion seeking permission to amend her Complaint? Unfortunately, as stated, Plaintiff does not address this issue anywhere in her filings with the Court.

In the substantive argument Plaintiff does make regarding prejudice and the lack thereof, she states that she "does not seek to amend the complaint based upon newly discovered evidence but to

---

[9]   Plaintiff does state that "[i]n light of the significant factual and procedural developments since Plaintiffs [sic] filed suit in [sic] April 1, 2019, good cause for amending the Complaint is immediately apparent." ECF No. 22 at 4.

[10]   *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) *citing Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330-31 (1971) (trial court "required" to take potential prejudice into account in deciding Rule 15(a) motion); 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil 2d* § 1487 (1990).

[11]   *See, e.g., Wilcox v. First Interstate Bank of Or.,* 815 F.2d 522, 529 (9th Cir. 1987).

[12]   *Priddy v. Edelman,* 883 F.2d 438, 447 (6th Cir.1989) (quoting *Troxel Mfg. Co. v. Schwinn Bicycle Co.,* 489 F.2d 968, 971 (6th Cir.1973), *cert. denied,* 416 U.S. 939 (1974)).

5

conform to the evidence that was clearly discussed and openly confirmed between Counsel for at least the last 6 months." *Id*. at 6.  Even accepting this assertion as true, what is also true is that Plaintiff seeks to change the factual basis for her claim.  That is, in her proposed amended complaint she removes all references to the color, or lack thereof, of the curb stop at issue, replacing each allegation with an allegation regarding Defendant's improper and negligent location of the curb stop.  ECF No. 22-1 ¶¶ 6, 11, 12, 19, 23, and 24.  Thus, Plaintiff's proposed amended complaint does not merely seek to add or elaborate on already asserted facts; rather, Plaintiff's proposed amended complaint changes the factual basis on which her negligence claims are based.  *Id*.

Defendant alludes to this argument in a single sentence on page 3 of the Opposition in which Defendant states: "the fact remains that the Plaintiff's own detailed Complaint was based upon the coloring of the wheel stops, *which is not even relevant* to Plaintiff's expert's opinions" as confirmed by the expert's sworn testimony.  ECF No. 23 at 3.  Defendant concludes this section of its Opposition with the statement that Plaintiff should not be now rewarded by the Court for filing "such a blatantly late Motion" that changes this basis.  *Id*.  Unfortunately, Defendant's argument stops there.  Defendant does not identify any prejudice it will suffer if Plaintiff's Motion is granted.  Defendant does not argue, for example, that it will have to reopen discovery or that the amendment will otherwise cause some kind of delay.  *Id*., generally.  Defendant does not contend that if amendment is allowed there is some time or expense it will incur that is unfair.  *Id*.  Defendant also does not mention that a fully briefed Motion to Exclude Plaintiff's expert is pending.  *Id*., generally, and *compare* ECF No. 15 (in which Defendant argues Plaintiff's expert should be struck, in part, because the expert does not rely on the facts asserted in Plaintiff's Complaint).

The law is clear that it is Defendant's burden to show prejudice.[13]  And, as summarized above, Defendant fails to make arguments that may have carried the day.  Nevertheless, some courts conclude that undue delay itself is prejudicial.  However, the findings in these cases are based upon

---

[13]   *Chavez v. Rios*, Case No. CV 01-245-TUC-FRZ(JR), 2014 WL 345691, at *5 (D. Ariz. Jan. 30, 2014) *citing DCD Programs, Ltd. V. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987).

whether granting a delayed motion to amend would lead to reopening discovery or other significant case specific impacts.[14]

Ultimately, given the information and arguments presented by the parties, the Court looks to Rule 1 of the Federal Rules of Civil Procedure for additional guidance. Rule 1 requires all Rules of Civil Procedure to be "construed, administered, and employed … to secure the just, speedy, and inexpensive determination of every action and proceeding." This would necessarily include Rule 15(a)(2) and 16(b). Thus, applying the Rule 1 standard to Plaintiff's Motion to Amend her Complaint, which was filed, *inter alia*, after Defendant's Motion to Exclude Plaintiff's expert and Motion for Summary Judgment were fully briefed, the Court finds granting the Motion will necessarily result in prejudice. Granting Plaintiff's leave to amend her Complaint would supplant the factual basis for negligence stated in her operative Complaint—the failure to paint the curb stops—with the contention that it was the negligent placement of the curb stop that caused Plaintiff's injury. This amendment, if allowed, will come long after the period to amend pleadings expired, two months after the close of discovery, as well as after a motion for summary judgement and to exclude Plaintiff's expert were fully briefed. Such an untimely amendment would defeat "the purpose of a court imposed discovery plan and scheduling order which is to manage the court's docket and establish a litigation schedule to bring cases to trial in a reasonable period of time."[15]

> A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril. Requiring compliance with the scheduling order does not simply exalt procedural technicalities over the merits. As the Ninth Circuit has recognized, disregard of a scheduling order undermines the court's ability to control its docket, disrupt[s] the agreed-upon course of the litigation, and reward[s] the indolent and cavalier. Rule 16 may not be short-circuited by an appeal to [the standards] of Rule 15.

*Id*. (internal citations and quote marks omitted).

Defendant relied on the content of Plaintiff's Complaint to conduct discovery and timely file a dispositive motion. Plaintiff had an opportunity to either amend her Complaint once her expert's

---

[14] *Whitsitt v. County of San Mateo*, Case No. C 10-04996 LB, 2012 WL 174859, at *2 (N.D. Cal. Jan. 20, 2012) *citing*, *inter alia*, *Solomon v. North American Life and Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998); *Chaves*, 2014 WL 345691, at *5 (citation omitted); *Photography v. Pearson Education, Inc*., Case No. 12-cv-01927-WHO, 2013 WL 4426492, at *3 (N.D. Cal. Aug. 15, 2013) (citations omitted).

[15] *Kristensen*, *infra* at n.1, 2015 WL 13674161, at *4.

opinion was known or to seek a short extension of time to file an amended complaint, but she did neither. In fact, Plaintiff did not seek to file the amended complaint at any time before the close of discovery or a dispositive motion was filed. Whether Plaintiff's operative Complaint sufficiently includes the allegations Plaintiff claims she now seeks to expressly allege may be true, but this issue is not before the Court. Only a Motion to Amend is presented for decision.

The Court finds that Plaintiff's Motion to Amend, which she failed to timely file, if permitted at this stage of proceedings, will necessarily prejudice Defendant and the Court as it will condone the total disregard of the Scheduling Order while resulting in the disruption of fully briefed motion for summary judgment and motion to strike an expert.

### III. RECOMMENDATION

Accordingly, for each and all of the foregoing reasons, IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 22) be DENIED.

Dated this 1st day of July, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).