1

2

3

4                    UNITED STATES DISTRICT COURT

5                          DISTRICT OF NEVADA

6                                 * * *

7    BARBARA L. RYAN, an individual          Case No. 2:19-cv-00651-KJD-EJY

8                              Plaintiff,     **ORDER GRANTING DEFENDANT
                                              COSTCO WHOLESALE
9         v.                                  CORPORATION'S MOTION FOR
                                              SUMMARY JUDGMENT**
10   COSTCO WHOLESALE CORPORATION, a
     Foreign Corporation, DOES I through X and
11   ROE CORPORATIONS I through X, inclusive

12                             Defendants.

13

14        Before the Court is Defendant Costco Wholesale Corporation's Motion for Summary

15   Judgment (#16). Plaintiff filed a response (#20) to which Defendant replied (#21).

16        I.       Procedural and Factual Background

17

18        The claim arises from an incident that took place on February 20, 2018. Plaintiff Barbara

19   Ryan ("Ryan") was shopping at Defendant Costco Wholesale Corporation's ("Costco") 801 S.

20   Pavilion Center Drive location in Las Vegas. (#20 at 2). Ryan parked in a handicap stall,

21   retrieved a sweater from the back seat, and entered the store without walking by the front of the

22   stall. Id. When she finished shopping, Plaintiff returned to her car, loaded her items into the back

23   of the vehicle, returned her shopping cart to the store's entrance, and walked back to the front of

24   her car. Id. As she approached the driver side door, Ryan tripped over the curb stop at the front

25   of the stall. Id. The curb stop is a cement block designed to prevent cars from pulling in too far

26   and blocking the walkway. It measured approximately six feet long, eight inches wide, and six

27   inches tall. (#16, ex. 6 at 8). Plaintiff fell and remained on the ground until other shoppers came

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

to help. (#20 at 2). Ryan reentered the store and filled out an incident report with Costco's manager. Id. After recording Ryan's statement, the manager called an ambulance that transported Plaintiff to the hospital to be treated. Id. at 2–3.

Plaintiff's complaint states that Costco was negligent in maintaining the parking lot and failing to paint the curb stops blue, as required by the Summerlin Design Standards. (#16, ex. 1 at 3). The parties conducted discovery and Plaintiff's expert testified that the color of the curb stop was not relevant to Ryan's injury. (#16 at 4). Instead, the placement of the curb stop was the cause. Id. The curb stop at issue was not centered in the parking stall as it sat seven inches from the west side of the stall and 27 inches from the east side. (#20, ex. 3 at 3). The expert report states that the curb stop "abuts the white line on the drivers' side" of the stall and places the curb "directly in the designated/foreseeable path of travel for the individual exiting and entering the vehicle." Id. This places the curb stop outside of Ryan's "line of sight" or "cone of vision," which rendered it "nearly invisible." Id. The expert report states that, in addition to the issue of the stop not being centered, Costco failed to comply with the requirement "to paint the wheel stop blue." Id. at 4. However, nowhere in the report does Plaintiff's expert mention the statute, code, or design standard that requires curb stops be painted blue or centered. The expert only lists the American Society for Testing and Materials ("ASTM") as the group that recommends curb stops be centered in the stalls. Id.

Defendant submitted its own expert report, which concluded that the Summerlin Design Standards did not require curb stops be painted any color, and that the curb stop that Plaintiff tripped over was in compliance with all applicable codes, standards, and regulations. (#16, ex. 6 at 18).

Ryan commenced this action in state court on April 1, 2019. (#1, ex. 1 at 8). Costco

1    removed to federal court on April 13, 2019. (#1 at 3). The parties submitted a Joint Discovery

2    Plan and Scheduling Order that closed discovery on January 20, 2020 and set a deadline of

3
     October 22, 2019 to amend the pleadings. (#9 at 1–2). Costco filed a motion to exclude
4
     Plaintiff's expert and this motion for summary judgment on February 13, 2020. (#15/16).
5

6    Plaintiff then filed a motion to amend the complaint on March 20, 2020, five months after the

7    deadline to amend pleadings. (#22). The Magistrate Judge issued a report and recommendation

8    that Plaintiff's Motion to Amend be denied. (#25). Plaintiff objected to the recommendation

9
     (#26). Defendant responded (#27) and Plaintiff replied (#28).
10

11           II.     Legal Standard

12           Summary judgment may be granted if the pleadings, depositions, answers to

13   interrogatories, and admissions on file, together with affidavits, if any, show that there is no

14   genuine issue as to any material fact and that the moving party is entitled to a judgment as a

15
     matter of law.  See Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322
16
     (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of
17

18   material fact.  See Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to

19   set forth specific facts demonstrating a genuine factual issue for trial.  See Matsushita Elec.

20   Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

21
             All justifiable inferences must be viewed in the light most favorable to the nonmoving
22
     party.  See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the
23

24   mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by

25   affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine

26   issue for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Courts "are

27
     reluctant to grant summary judgment in negligence cases because foreseeability, duty, proximate
28

1   cause, and reasonableness usually are questions of fact for the jury." <u>Van Cleave v. Kietz-Mill</u>

2   <u>Minit Mart</u>, 633 P.2d 1220, 1222 (Nev. 1981). However, "when plaintiff as a matter of law,

3   cannot recover, defendant is entitled to a summary judgment." <u>Id.</u> Federal Rule of Civil

4   Procedure 56 "mandates the entry of summary judgment, after adequate time for discovery and

5   upon motion, against a party who fails to make a showing sufficient to establish the existence of

6   an element essential to that party's case." <u>Celotex</u>, 477 U.S. at 323.

7

8           III.    <u>Analysis</u>

9           Plaintiff's complaint contains causes of action for negligence and negligence per se.

10  Defendant alleges that summary judgment is proper for both claims.

11          A.  <u>Report and recommendation to deny Plaintiff's motion to amend</u>

12          The Court has conducted a de novo review of the record in this case in accordance with

13  28 U.S.C. § 636(b)(1) and LR IB 3-2. The Court determines that the Report and

14  Recommendation (#25) containing the findings and recommendations of Magistrate Judge

15  Elayna Youchah entered July 1, 2020, should be adopted and affirmed. The Court agrees with

16  Judge Youchah that Plaintiff made no attempt to explain why she displayed undue delay in

17  amending her complaint and a ruling that would require a defendant to reopen discovery and

18  incur additional time and cost is considered unfair and prejudicial to the defendant. <u>See</u> <u>Priddy v.</u>

19  <u>Edelman</u>,883 F.2d 438, 447 (6th Cir. 1989). Undue delay and prejudice to the defendant,

20  combined with Plaintiff's disregard for the scheduling order dictate that the motion be denied.

21          B.  <u>Facts not alleged in the complaint</u>

22          The parties disagree about which facts and legal theories the Court should consider

23  during this summary judgment stage. Costco asserts that only the allegations explicitly

24  mentioned in the complaint are relevant. Ryan essentially asks for a liberal reading that adopts

25

26

27

28

facts and legal theories that are not asserted in the complaint. The Court agrees with Costco. The "liberal pleading standard is inapplicable once discovery has commenced" and during summary judgment the proper procedure "to assert a new claim is to amend the complaint in accordance with Federal Rule of Civil Procedure 15(a)." Hurlbert v. St. Mary's Health Care System, Inc., 439 F.3d 1286, 1297 (11th Cir. 2006). In Hurlbert, the plaintiff requested time off from work under the Family and Medical Leave Act ("FMLA") to care for his personal health needs. Id. His complaint did not mention being granted relief to care for his ailing mother. Id. At the summary judgment stage, Hurlbert alleged that his mother was sick and that he was entitled to FMLA leave to care for her. Id. Hurlbert argued he was not adding new claims, he was simply providing facts in support of his original claim. Id. The court disagreed because the additional facts created a "separate basis for entitlement" to relief which effected "a fundamental change" in the nature of his claim. Id. Because Hurlbert had proceeded through discovery without amending his complaint he was not entitled to alter his pleadings during the summary judgment stage.

Similarly, Ryan alleges that she is not adding any new claims, merely clarifying facts that have been known to both parties for months. However, this new legal theory that Costco had a duty to center the curb stops in each parking stall is akin to adding a new claim. The supplemental facts in Hurlbert did not explicitly add a new claim, but their incorporation into the case created a separate basis for relief. Ryan's new facts do the same thing by imposing a duty on Costco that is absent in the complaint. This would give Ryan a separate basis for entitlement to relief. Just like in Hurlbert, Ryan's complaint "provided no notice whatsoever that [s]he believed [s]he was entitled to leave on this basis." Id. at 1296.

Plaintiff failed to amend the complaint within the time allowed in the Discovery Plan/Scheduling Order (#10). At this stage, the Court denies her motion to amend the complaint

in "such a fundamental way" to oppose this motion for summary judgment. See Camsight, Inc. v. Hamamatsu Corporation. 2011 WL 13214314, *11 (C.D. Cal. 2011). Therefore, the Court will analyze the claims for negligence and negligence per se, looking only to the facts and legal theories alleged in the complaint.

### C.  Genuine issues of material fact

Plaintiff's response to the motion for summary judgment alleges that there are material factual disputes that must be resolved by a jury. The Court disagrees. Plaintiff states that the genuine issues of material fact are: 1) the disagreement between the standard of care Costco owed to center the wheel stop; and 2) that Costco had a duty to warn Ryan of the wheel stop's presence. A genuine issue of material fact is one with which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. Plaintiff's complaint does not allege these issues of material fact, but her response to the motion for summary judgment does. Even if facts and allegations outside the original complaint were being considered, Plaintiff fails to show that these are genuine issues of material fact. "The question of whether a 'duty' to act exists is a question of law solely to be determined by the court." Lee v. GNLV Corp., 22 P.3d 209, 212 (Nev. 2001) (citing Scialabba v. Brandise Const. Co., Inc., 921 P.2d 928, 930 (Nev. 1996)). Disputes about the standard of care Costco owed to Ryan (i.e. the existence of a duty) and whether Costco had a duty to warn her of the danger that the curb stop imposed are questions of law, which are strictly for the court to decide. These questions would never be determined by a jury and are therefore not genuine issues of material fact.

### D.  Negligence

Plaintiff's first cause of action is for negligence. To prevail on a negligence claim a plaintiff must show that "(1) the defendant owed the plaintiff a duty of care, (2) the defendant

breached that duty, (3) the breach was the legal cause of the plaintiff's injuries, and (4) the

plaintiff suffered damages." Foster v. Costco Wholesale Corp., 291 P.3d 150, 153 (Nev. 2012).

Plaintiff's complaint is vague, alleging that Costco has a general duty to inspect and maintain its

premises for the protection of its patrons. The only specificity provided in the complaint

regarding that duty is the requirement to paint the curb stops blue. Whether a duty to act exists is

a question of law to be determined by the court. See Lee, 22 P.3d at 212. While Costco does

have a general duty to maintain a safe premises, it does not have a duty to paint its curb stops.

Both parties' experts agree that there is no requirement to paint the curb stops. The

Summerlin Design Standards that Plaintiff cites in her complaint do not require curb stops be

painted blue, nor do the City of Las Vegas or the Americans with Disabilities Act. Plaintiff's

expert relies on the ASTA recommendations for a duty. However, those voluntary standards do

not create a legal duty for Costco. While Costco does owe its patrons a duty to maintain a safe

premises, painting the curb stops is not part of its duty of care.

Ryan's complaint, read in the light most favorable to her, may allege a breach of Costco's

duty to warn of the curb stop hazard. Defendant claims that the curb stop was an open and

obvious hazard so no such duty exists. The obvious danger rule "obviates a duty to warn."

Harrington v. Syufy Enter., 931 P.2d 1378, 1381 (Nev. 1997). However, the open and obvious

nature of a danger does not automatically absolve a defendant from all duty. A landowner has a

heightened duty of care when he "should anticipate the harm despite the hazard's open and

obvious nature." Foster, 291 P.3d at 152. Thus, the question turns to the anticipation or

foreseeability of the harm. Plaintiff has failed to show why the injury was foreseeable. Defendant

Costco's expert report states that the curb stop was installed in accordance with all building

codes and statutory requirements and that the grey color of the curb stop contrasted with the

black asphalt, giving patrons additional notice of its existence. Furthermore, there was nothing covering the curb stop or preventing Plaintiff from seeing it, especially when looking at it as she pulled into the parking stall. Additionally, there had never been another incident, in that Costco location's history, in which someone was injured after tripping over the curb stop. This compliance with the building requirements and lack of previous incidents shows that the injury was not foreseeable, and Costco did not owe Plaintiff a duty regarding the curb stop.

Because Plaintiff failed to show that Costco owed her a heightened duty of care, a duty to paint the curb stops, or a duty to warn of their existence, Defendant is entitled to summary judgment on the negligence claim.

E.  Negligence per se

Costco is entitled to summary judgment on the negligence per se claim as well. Negligence per se requires a violation of a statute and that "1) the injured party belongs to the class of individuals the statute was intended to protect, and 2) the injury suffered is the type the statute was intended to prevent." Brue v. Wal-Mart, Inc., 2010 WL 2555636, *3 (D. Nev. 2010). Plaintiff claims Costco failed to meet the safety standards of the American Society for Testing and Materials. However, negligence per se requires the violation of a statute. "The Nevada Supreme Court has endorsed negligence per se actions arising from violations of Nevada statutes in limited situations including, *inter alia*, building code violations, municipal code violations, and traffic violations." Prescott v. Slide Fire Solutions, 410 F.Supp. 3d 1123, 1133 (D. Nev. 2019) (emphasis added). While that list is not exhaustive, negligence per se is only endorsed in limited situations.

Plaintiff asks the Court to expand the limited negligence per se cause of action to the violation of a recommended voluntary safety standard. The ASTM website states they are a non-

profit organization that "provides a forum for the development and publication of international voluntary consensus standards for materials, products, systems, and services." FREQUENTLY ASKED QUESTIONS, www.astm.org/ABOUT/faqs.html (answering "What is ASTM International?") (last visited Aug. 17, 2020). Defendant's expert report states that there is no building code, statute, or community design standard that requires any specific curb stop placement or paint color and Plaintiff does not dispute it. Ryan has not claimed any requirement other than the recommendation from ASTM. The Court refuses to extend negligence per se actions, which requires the violation of a statute, to this voluntary guidance.

Because Plaintiff cannot show a violation of a statute, her negligence per se claim fails as a matter of law. Therefore, summary judgment is appropriate for Costco on this cause of action.

Defendant did not owe Ryan any special duty regarding the color or existence of the curb stop. When parties have had adequate time for discovery and a party opposing a motion for summary judgment fails to make a showing sufficient to establish the existence of essential elements to a claim, Rule 56 mandates summary judgment. See Celotex, 477 U.S. at 323. This is such a case.

IV.    Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant Costco Wholesale Corporation's Motion for Summary Judgment (#16) is **GRANTED**.

IT IS FURTHER ORDERED that the Report and Recommendation (#25) containing the findings and recommendations of Magistrate Judge Elayna Youchah entered July 1, 2020, is **ADOPTED** and **AFFIRMED**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend/Correct (#22) is **DENIED**.

1    IT IS FURTHER ORDERED that Defendant's Motion to Exclude Plaintiff's Safety

2  Engineer (#15) is **DENIED**.

3    IT IS FURTHER ORDERED that the Clerk of the Court **ENTER JUDGMENT** for

4  Defendant Costco Wholesale Corporation and against Plaintiff.

5

6

7

8  Dated this 24th day of August, 2020.

9

10

11    Kent J. Dawson
      United States District Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28